PORTER FLEMING, plaintiff in error, *vs.* GEORGE W. WILLIAMS & COMPANY, defendants in error.

1. On the trial of an affidavit of illegality making the issue that affiant was never served with a copy of the declaration and process, it is not error for the court to charge the jury that the return of a deceased sheriff showing service, is as good testimony as if the sheriff were in court and testified to the fact—that the law made the return of a sworn officer very high evidence, and a jury should be well satisfied that it is not true before they find against it.

2. In connection with the return of a deceased sheriff entered on the writ, it is competent to introduce in evidence the docket which he kept, as sheriff, with a similar entry, and which was proved to contain, in his handwriting, entries which he always made of his actings as sheriff.

Illegality.   Service.   Sheriff.   Return.   Evidence.   Before Judge POTTLE.   Richmond Superior Court.   October Term, 1873.

An execution in favor of George W. Williams & Company was levied upon certain property as belonging to the defendant, Porter Fleming.   An affidavit of illegality was filed, setting up that the defendant had never been served.

To show service, the plaintiffs introduced the original writ showing personal service by the sheriff, and also a docket kept by said officer, since deceased, containing a similar en-

Fleming *vs.* Williams & Company.

try, in his handwriting.  To this book objection was made and overruled.  To which ruling defendant excepted.

The court charged the jury, "that the evidence on the question of service was that of the sheriff's return and his docket, and that they must take his return as evidence, just as usual—as if the sheriff was on the stand testifying as a witness.  That it was just the same as if he were in court, and testified under oath before them that he had made personal service of the writ at the time it recites.  That the law made the return of a sworn officer very high evidence, and this return was under his oath of office, and they must be well satisfied that his return was untrue before they could find for the defendant."

To this charge the defendant excepted.

The jury found for the plaintiff in execution.  Error is assigned upon each of the above grounds of exception.

. HOOK & WEBB, for plaintiff in error.

FRANK H. MILLER, for defendants.

TRIPPE, Judge.

1. In *Davant et al. vs. Carlton*, 53 *Georgia*, 491, it was held that it was error in the court to refuse to charge the jury that under the law it required the strongest evidence to overcome the effect of the sheriff's entry, and to charge in lieu thereof that the sheriff's entry was *prima facie* evidence, but, like other presumptions, it might be rebutted by proof. Formerly such a return was conclusive and could not be traversed.  The right is now given to contradict it, but this was not intended to reduce the force of such an entry to that of mere *prima facie* evidence.  Nor does the fact that the sheriff is dead affect the force of such an entry as testimony.  It was made under oath by a sworn officer, in the discharge of his official duty, and is of equal weight with his testimony delivered on the stand as a witness.

2. As to the admissibility of the book called the sheriff's docket, the decision of the court in permitting it in evidence

is sustained by *Field vs. Boynton*, 33 *Georgia* 239. It is true the entries made by the sheriff in that book were not required by law to be so made by him, nor were those which were admitted in evidence in *Field vs. Boynton* such as the law imposed upon the sheriff as a duty, to make. For the grounds upon which the judgment was put in that case, see the decision, and also 1 Ph. Ev., 318 ; 1 Gr. Ev., secs. 147, 151, note 2.

Judgment affirmed.